UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHARON EDWARDS,

                        Plaintiff,

                                                                 DECISION & ORDER
                                                                 10-CV-6553-FPG

v.

ROCHESTER INSTITUTE OF TECHNOLOGY
and DR. DONALD BOYD,

                        Defendants.

---

Plaintiff commenced this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000, 42 U.S.C. § 1981 ("§ 1981") and the New York State Human Rights Law, Executive Law § 290 ("NYHRL") alleging that during her employment as an Operations Coordinator at the Rochester Institute of Technology ("RIT"), she was subjected to race and gender-based disparate treatment, discrimination and retaliation by Defendants RIT and Dr. Donald Boyd ("Boyd"). Dkt. #2. Thereafter, by and through new counsel, Plaintiff filed a first Motion to Stay Motion for Summary Judgment (Dk. #72), pending the outcome of Plaintiff's first Motion to Amend/Correct Amended Complaint (Dkt. #68). Defendants filed an Affidavit in Opposition (Dkt. #77) and a Memorandum in Opposition (Dkt. #78) to the application for a stay. Plaintiff filed her Reply. Dkt. ##79, 80.

Plaintiff filed a motion to amend the Amended Complaint and re-open discovery, seeking to include causes of action relating to the wrongful termination by Defendant which is alleged to have occurred after the filing of this action and during a time period when the Plaintiff was *pro se*. Defendants filed a Memorandum in Opposition (Dkt. #74) and an Affidavit in Opposition

(Dkt. #75) to Plaintiff's first Motion to Amend/Correct Amended Complaint. Plaintiff filed a Reply. Dkt. #76. Plaintiff filed a response to Defendants' summary judgment motion (Dkt. #81), and Defendants filed a reply (Dkt. #89).

Magistrate Judge Marian W. Payson on August 23, 2013, issued an Order granting in part and denying in part Plaintiff's motion seeking leave to amend the Amended Complaint and to re-open discovery. Dkt. #90. The Magistrate Judge granted that portion of Plaintiff's motion seeking to amend her Complaint to add claims of race and gender-based wrongful termination, but denied that portion of the motion seeking leave to add a claim for gender discrimination to her New York State Human Rights Law cause of action. *Id.* The Magistrate Judge also granted Plaintiff's motion to re-open discovery, allowing both parties to conduct limited discovery relating to Plaintiff's wrongful termination claims and Defendant to conduct discovery regarding any additional factual allegations contained in the Second Amended Complaint. *Id.* The Order instructed Plaintiff to file and serve the Second Amended Complaint by September 23, 2013 and Counsel for the parties to confer for the purposes of Plaintiff's submission of a proposed amended scheduling order with deadlines for the completion of discovery. *Id.*

Based upon the filing and service of the Second Amended Complaint on September 23, 2013 and upon due consideration of the pertinent factors to be utilized in the exercise of its inherent power, i.e., "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest," *Ace American Ins. Co. v. Carolina Roofing, Inc.*, 2010 WL 2649918, at *1 (W.D.N.Y. 2010) (quoting *HMT, Inc. v. Bell BCI Co.*, 2007 WL 295328, at *2 (W.D.N.Y. 2007)), this Court has determined that Plaintiff has

established its need for, and the interests of justice so require, the granting of Plaintiff's request for a stay of the summary judgment proceedings, pending the completion of the discovery process. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("It is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action.").

The stay granted herein shall remain in effect until the completion of the discovery process permitted by the Order of the Magistrate Judge. Within 30 days of the close of discovery, both parties shall submit any changes or additions to the papers previously filed in stayed summary judgment proceedings. Upon receipt of all submissions, the Court will determine whether oral arguments will be necessary and notify the parties, accordingly.

IT IS SO ORDERED.

Dated: September 26, 2013
Rochester, New York

_____
FRANK P. GERACI, JR.
United States District Judge