UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARON EDWARDS,

                                    Plaintiff,         Case # 10-CV-6553-FPG

                                                        DECISION AND ORDER

v.

ROCHESTER INSTITUTE OF TECHNOLOGY
& DR. DONALD BOYD,
                                    Defendants.
_____

## INTRODUCTION

Plaintiff Sharon Edwards commenced this action alleging racial discrimination and retaliation against her former employer, Defendant Rochester Institute of Technology, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ECF Nos. 1, 93.

On March 29, 2018, the Court granted summary judgment in favor of Defendants and dismissed the Amended Complaint. ECF No. 197. Plaintiff now moves pursuant to Federal Rules of Civil Procedure 52(b), 59(e), and 60 and asks the Court to reconsider its decision. ECF No. 199.

The Court presumes the parties' familiarity with the underlying facts and protracted procedural history of this action.

## DISCUSSION

**I.    Legal Standard**

Under Rule 52(b), "a party may move to amend findings or make additional findings upon a showing of manifest error of fact or law, the existence of newly discovered evidence, or an intervening change in the law." *Henry v. Tracy*, No. 10CV800, 2014 WL 3558021, at *4

(W.D.N.Y. July 18, 2014), *aff'd*, 629 F. App'x 26 (2d Cir. 2015) (citations omitted). Similarly, a court may grant a Rule 59(e) motion if the movant "presents newly discovered evidence that was not available at the time of the trial, or there is evidence in the record that establishes a manifest error of law or fact." *Cray v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 37, 39 (W.D.N.Y. 2001). "Neither Rule 52(b) nor Rule 59(e) . . . authorizes [a] Plaintiff to relitigate an issue on which the Court has ruled with evidence that the Court has already taken into account." *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12 CIV. 01369, 2013 WL 5299131, at *2 (S.D.N.Y. Sept. 20, 2013).

Rule 60 governs relief from a court judgment or order. *See* Fed. R. Civ. P. 60. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation omitted). Accordingly, a party may not merely offer the same "arguments already briefed, considered and decided" or "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). A motion for reconsideration under Rule 60(b)

is "generally granted only upon the showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir .1990), *aff'd*, 501 U.S. 115 (1991).

**II.     Argument and Analysis**

Plaintiff seeks relief solely with respect to her retaliatory termination claim. ECF No. 202 at 3-7. She argues that the Court overlooked relevant exhibits because they were not uploaded to the Court's electronic filing system "due to technical difficulties amounting to excusable neglect" and that the Clerk's Office did not receive them "due to a mistake." ECF No. 202 at 3.

Because Plaintiff does not point to new evidence or a change in law to support the instant motion, the Court assumes that she seeks relief pursuant to Rule 60(b), which provides relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[E]xcusable neglect is an elastic concept, that is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004) (citation omitted).

Here, Plaintiff avers that Exhibits 99 through 105 to her opposition affidavit were filed late or without proper identification and/or authentication due to computer errors and/or technical difficulties. ECF No. 200 at ¶ 6, *et seq*. Those exhibits, she argues, demonstrate the retaliatory animus necessary to support Plaintiff's claims, thereby altering the outcome the Court reached. ECF No. 202 at 5. The exhibits in question were filed on April 28, 2017, after the Court's final deadline of March 13, 2017. ECF No. 183. Plaintiff's argument is flawed for multiple reasons.

First, Plaintiff's counsel requested and was granted numerous extensions of time, amounting to nearly eight months, to respond to Defendants' summary judgment motion. ECF

3

Nos. 140-149. Thus, she had sufficient time to properly identify, authenticate, and file all of her supporting documents.[1]

Second, in connection with Defendant's summary judgment motion, Plaintiff submitted opposition papers that cited Exhibits 99 through 105 relative to her retaliatory termination claim under a cat's paw theory of liability. ECF Nos. 165, 177.[2]

Finally, Plaintiff was permitted to file a five-page sur-reply memorandum by May 18, 2017. ECF No. 187. Instead, Plaintiff filed *four* documents between May 18 and May 22, 2017: a 45-page affidavit by Plaintiff, a 21-page attorney declaration, an exhibit, and a five-page memorandum of law (filed on the last day). ECF Nos. 188-192. These documents addressed and sought to clarify Plaintiff's position on her retaliatory termination claim, again referencing Exhibits 99 through 105. At this point, Defendants' counsel received the exhibits and the Clerk's Office docketed them. ECF Nos. 183, 204. Thus, this is Plaintiff's third attempt at presenting the same arguments and evidence.

Even accepting Plaintiff's assertion of technical issues with the Court's electronic filing system as true, "the Second Circuit has consistently refused to relieve a client of . . . a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload." *Carcello v. TJX Cos., Inc.*, 192 F.R.D. 61, 63 (D. Conn. 2000) (internal quotation marks omitted). Plaintiff had ample time to correct her filings and nonetheless failed to ensure that her documents were properly filed. *See, e.g.*, *Hamzik v. Zale Corp./Delaware, Inc.*, No. 06-CV-1300,

---

[1] Despite the multiple extensions of time to prepare her opposition papers, Plaintiff's filings were repeatedly laden with procedural irregularities and were noncompliant with this Court's Local Rules. For example, Plaintiff submitted some supporting exhibits on the deadline of March 13, 2017, some exhibits on March 14, 2017, and the remainder on March 28, 2017. ECF Nos. 154-176, 178-180.

[2] Defendants addressed Plaintiff's arguments and evidence in support thereof. ECF No. 184.

2008 WL 2073957, at *2 (N.D.N.Y. May 14, 2008) (denying Rule 60 motion where "[p]laintiff should have adequately prepared for the possibility of computer failures or other computer-related problems the night before his opposition papers were due"). Defendants' filed their summary judgment motion on June 6, 2016, and Plaintiff did not finalize her opposing papers until March 28, 2017, which, incidentally, exceeded the Court's final extended deadline of March 13, 2017. ECF Nos. 152-183. Simply put, Plaintiff cannot obtain relief on this basis.

Accordingly, Plaintiff's motion fails because it does not satisfy any of the circumstances justifying reconsideration in the Second Circuit. Instead, the motion offers the same arguments already briefed, considered, and decided. *See Shrader*, 70 F.3d at 257 (Rule 60(b) "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

In any event, the Court reviewed the purportedly overlooked exhibits and arguments, and it determines that the outcome remains the same and that Plaintiff's retaliatory termination claim will be not reinstated.

## CONCLUSION

Plaintiff's motion to reconsider (ECF No. 199) is DENIED.

IT IS SO ORDERED.

Dated: June 18, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court